CHICAGO AND NORTHWESTERN RAILWAY COMPANY
v.
CORNELIUS HART.

CATTLE-GUARD—JUDGMENT AGAINST WEIGHT OF EVIDENCE.—As the proof in this case entirely fails to show that appellant was negligent either in the construction or keeping in repair the cattle-guard, the judgment was manifestly against the weight of the evidence and the cause is reversed and remanded.

APPEAL from the Circuit Court of Winnebago county; the Hon. WILLIAM BROWNE, Judge, presiding. Opinion filed July 27, 1883.

Mr. B. C. COOK, for appellant; that if the cattle-guard was good and sufficient to turn the colt under ordinary circum-

stances, the company is not liable if the colt becoming frightened was injured in it, cited C. B. & Q. R. R. Co. v. Farrelly, 3 Bradwell, 61; C. & A. R. R. Co. v. Rice, 71 Ill. 567; C. & A. R. R. Co. v. McMorrow, 67 Ill. 218; L. P. & B. R. R. Co. v. Caldwell, 38 Ill. 280; Wabash R. R. Co. v. Brown, 2 Bradwell, 516; R. R. Co. v. Utley, 11 Ill. 410.

It was error to permit appellant's servant to testify as to his opinion: M. C. R. R. Co. v. Carrow, 73 Ill. 348; Lendbloom v. Ramsey, 75 Ill. 246; C. R. I. & P. R'y Co. v. Bell, 70 Ill. 102; Flansburg v. Basin, 3 Bradwell, 531; C. & N. W. R'y Co. v. Fillmore, 57 Ill. 265; R. R. Co. v. Hunter, 33 Ind. 354; R. R. Co. v. Therabold, 51 Ind. 249.

It is not sufficient merely to show that the fence was defective, but it must appear that the animal got upon the track in consequence of such defect: Morrison v. N. Y. C. R. R. Co. 32 Barb. 568; Bennett v. R. R. Co. 19 Wis. 145; R. R. Co. v. Northland, 30 Ill. 451.

Mr. J. C. Garver, for appellee; that an instruction not based upon the facts should be refused, cited O. & M. R. R. Co. v. Jones, 63 Ill. 472.

Where the evidence and circumstances in evidence most reasonably lead to the conclusion of the jury, the verdict should not be disturbed: Wiggins Ferry Co. v. Higgins, 72 Ill. 517; Green v. Lewis, 13 Ill. 620; Andes Ins. Co. v. Fish, 71 Ill. 620.

Lacey, P. J. This was a suit commenced before a justice of the peace and by appeal was brought to the circuit court.

The appellee sought to recover the price of two colts claimed to have been killed by appellant's engine and locomotive at or near to a railroad crossing. The colts were respectively valued at $80 and $15, and the jury found for appellant as to the smaller and less valuable of the colts, it having been killed on the crossing on the public highway. There was a verdict against appellant for $80, the value of the larger colt. The only negligence charged against the appellant was in not

properly constructing and maintaining a proper cattle-guard on the west side of the highway over which, being in a defective condition as is claimed, the larger colt passed from the highway west on the appellant's right of way and on the track where it was struck and killed by a passing train.

The only evidence that the cattle-guard was not sufficient to turn ordinary stock was the fact, if such fact was proved, that the colt passed over it and got from the highway on the railroad track, on appellant's right of way.

The proof as to whether the colt did pass over it is quite weak, though it may have been sufficient to justify the jury in so finding. But if that point be conceded it does not by any means follow from that fact alone that the cattle-guard was not such as the law required and this was the only proof tending to show it.

The evidence on the part of the appellant showed that the guard was constructed in the usual manner and was in good repair, and we can not see from the evidence what fault there could be found to it, and none has been pointed out or shown to us by counsel for appellee and none could have appeared to the jury.

The proof as to whether the colt crossed the guard at all is circumstantial and not positive, and the manner of crossing is unknown. It is not known whether it was driven across through fright at a west bound train passing shortly before the one by which it was killed or whether it was struck and carried across by such train, or crossed in some other way.

Taking the proof together it entirely fails to show that appellant was negligent either in the construction or keeping in repair the cattle-guard.

Appellant's third instruction in view of the evidence was inaccurate. There was evidence tending to show that the colt had crossed over this cattle-guard and had returned to the crossing on the highway and was killed there, and by the instruction the jury were told that if it had passed the cattle-guard and was killed on appellant's track, etc., the company would be liable. If, as was contended, the colt had been first struck on the highway crossing no difference how often it

had previously passed the guard or how insufficient it was, there would be no right of recovery.

Therefore the judgment because manifestly against the weight of the evidence, is reversed and cause remanded.

Reversed and remanded.